**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

**CASE NO.: 1:26-cv-00596**

**CRYSTAL PORTER**
*individually and on behalf of all*
*others similarly situated,*

Plaintiff,

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**v.**

**DIGIPROPZ, LLC,**

Defendant.
____________________________________/

## CLASS ACTION COMPLAINT

Plaintiff Crystal Porter ("Plaintiff") brings this class action against Digipropz, LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1. The TCPA affords special protections for people who, like Plaintiff, receive any call using any artificial or prerecorded voice. Specifically, the TCPA provides that each person who receives any such call is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

2. Additionally, the TCPA affords special protections for people who, like Plaintiff, have their phone number registered on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after registering their phone number

on the National Do Not Call List is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

## NATURE OF THE CLAIM

3. This is a putative class action arising from Defendant's violations of the TCPA.

4. Defendant places unsolicited telephone calls utilizing an artificial and/or prerecorded voice. Defendant also engages in unsolicited telephone calls to consumers that have registered their telephone numbers on the National Do Not Call Registry.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered in this District.

## PARTIES

8. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of South Carolina.

9. Defendant is a Delaware Limited Liability Company with its headquarters located in Austin, Texas.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**FACTS**

11. Between August 27, 2025 and September 21, 2025, Defendant placed a call using a prerecorded voice message to Plaintiff's cellular telephone number ending in 0584 (the "0584" Number"). During the call, Defendant played a prerecorded voice message directing client to access Defendant's website. The message used by Defendant was recorded prior to it being utilized during the call to Plaintiff, and a live person did not read a script during the call.

12. The purpose of Defendant's calls was to advertise, promote, and/or market Defendant's property, goods, and/or services.

13. Overall, Defendant placed more than one prerecorded voice calls to the 0584 Number.

14. When Plaintiff listened to the prerecorded voice calls, she was easily able to determine that they were prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message").

15. Indeed, all of the above-mentioned calls received by Plaintiff utilized a recording of a generic sounding voice.

16. These prerecorded calls Plaintiff received originated from the telephone number (843) 544-1201 and (843) 507-5702.

17. At no point in time did Plaintiff provide Defendant with their consent to be contacted with a prerecorded call.

18. Plaintiff is the subscriber and sole user of the 0584 Number and is financially responsible for phone service to the 0584 Number.

19. Plaintiff registered the 0584 Number on the National Do-Not-Call Registry on or about November 8, 2018.

20. Plaintiff has not transacted any business with Defendant within the past eighteen (18) months before receiving the above calls. Also, Plaintiff has not made any inquiry regarding Defendant's products or services within the past three (3) months before receiving the above calls.

21. Defendant's unsolicited prerecorded call caused Plaintiff and the Class members harm, including intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

22. Defendant's phone calls caused Plaintiff and the class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASS

23. Plaintiff brings this case as a class action pursuant Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

24. Plaintiff brings this case on behalf of the below classes (the "Classes") defined as follows:

> **Prerecorded Class - All persons in the United States who, within four years prior to the filing of this action through the date of class certification, received a prerecorded voice call on their cellular telephone, from Defendant.**
>
> **DNC Class – All persons in the United States who from four years prior to the filing of this action through the date of class certification**

> **(1) Defendant, or anyone on Defendant's behalf, (2) placed more than one phone call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three months immediately preceding the date of the first phone call with an inquiry about a product, good, or service offered by Defendant.**

25. Plaintiff reserves the right to modify the Classes' definitions as warranted as facts are learned in further investigation and discovery.

26. Defendant and its employees or agents are excluded from the Classes.

**NUMEROSITY**

27. Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to at least 50 consumers throughout the United States without their consent. The members of the Classes, therefore, are so numerous that joinder of all members is impracticable.

28. Identification of the members of the Classes is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

29. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a. Whether Defendant made non-emergency prerecorded calls to Plaintiff's and Prerecorded Class members' cellular telephones;

b. Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;

c. Whether Defendant initiated solicitation phone calls to Plaintiff and the DNC Class members who had registered their numbers on the National Do Not Call Registry;

d. Whether Defendant's conduct was knowing and willful;

e. Whether Defendant is liable for damages, and the amount of such damages; and

f. Whether Defendant should be enjoined from such conduct in the future.

30. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

31. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

**ADEQUACY**

32. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

33. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other members of the Classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

34. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual

lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain members of the Classes are not parties to such actions.

**COUNT I**
**VIOLATIONS OF 47 U.S.C. § 227(b) AND 64.1200(a)**
**(On Behalf of Plaintiff and the Prerecorded Class)**

36. Plaintiff re-alleges and incorporates the allegations set forth in the paragraphs 1 through 35 as if fully set forth herein.

37. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

38. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

39. Further, it is a violation of the TCPA to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using . . . an artificial or prerecorded voice, to" a cellular telephone service. 47 C.F.R. § 64.1200(a)(2).

40. Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Prerecorded Class.

41. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the Prerecorded Class when its calls were made.

42. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), 64.1200(a)(1)(iii), and 64.1200(a)(2) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Prerecorded Class without their consent.

43. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

44. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the Prerecorded Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Prerecorded Class are also entitled to an injunction against future calls.

45. WHEREFORE, Plaintiff, on behalf of themselves and members of the DNC Class, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Prerecorded Class as defined above, and appointing Plaintiff as the representative of the Prerecorded Class and Plaintiff's counsel as Prerecorded Class Counsel;

b. An award of statutory damages for Plaintiff and each member of the Prerecorded Class as applicable under the TCPA;

c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

d. An injunction requiring Defendant to comply with 47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(c);

e. An award of attorney's fees, costs, and interest, as allowed by applicable law; and

f. Such further and other relief the Court deems reasonable and just.

**COUNT II**
**VIOLATIONS OF 47 U.S.C. § 227(a) AND 64.1200(c)**
**(On Behalf of Plaintiff and the DNC Class)**

46. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

47. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

48. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

49. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

50. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

51. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one phone call in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

52. As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class members suffered damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class.

**WHEREFORE**, Plaintiff, on behalf of themselves and members of each of the Classes, prays for the following relief:

a. An order certifying this case as a class action on behalf of each of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b. An award of statutory damages for Plaintiff and each member of the Classes as applicable under the TCPA;

c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

d. An injunction requiring Defendant to comply with the TCPA;

e. An award of attorney's fees, costs, and interest, as allowed by applicable law; and

f. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists,

electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: March 12, 2026

Respectfully Submitted,

/s/ Zane C. Hedaya
**ZANE C. HEDAYA, ESQ.**
Texas Bar No.: 24134450
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*